883 F.2d 76
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donjuarel A. YOWELL, Petitioner-Appellant,
v.
Pamela WITHROW, Respondent-Appellee.
 No. 88-1586.
 United States Court of Appeals, Sixth Circuit.
 Aug. 18, 1989.
 
 Before ENGEL, Chief Judge, and KEITH and BOYCE F. MARTIN, Jr., Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Donjuarel A. Yowell, a pro se Michigan prisoner, appeals the district court's dismissal of his habeas corpus action filed pursuant to 28 U.S.C. Sec. 2254.
 
 
 3
 Yowell attacked his 1976 jury conviction of first degree felony murder for which he received a life sentence. After fully exhausting his state court remedies, Yowell sought relief on the following grounds: (1) the evidence was insufficient to sustain the verdict of first degree felony-murder; (2) the trial court failed to instruct the jury on lesser included offenses; (3) evidence that one of the prosecution's witnesses, Pamela Fleors, was his sister, was improperly excluded from the jury; (4) the trial court used jury instruction containing "examples" which impermissibly permitted the jury to presume the existence of certain elements of first degree felony-murder; (5) he was deprived of the effective assistance of counsel; and (6) the trial court erroneously admitted the statement of Pamela Floers which was the product of coercion and duress.
 
 
 4
 After review of the files and records, the district court concluded that Yowell's arguments were insubstantial and denied the petition. Yowell has filed a timely appeal, raising the same issues which were before the district court.
 
 
 5
 Upon review, we conclude that the district court's denial of Yowell's petition for habeas corpus should be upheld for the reasons stated by that court in its opinion and order dismissing the case.
 
 
 6
 Yowell's contention that the evidence was insufficient to sustain the verdict of first degree felony-murder is meritless. A review of the evidence in the light most favorable to the prosecution, demonstrates that any rational trier of fact could have found all the essential elements of the crimes established beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 7
 Yowell's contention that the trial court erred in not instructing the jury on lesser included offenses is meritless. Yowell was not entitled to an instruction on lesser included offenses from a due process standpoint, because the evidence adduced at trial, in light of defense counsel's trial strategy of mere presence, did not warrant such instructions. Allen v. Morris, 845 F.2d 610, 617 (6th Cir.1988), cert. denied, 109 S.Ct. 799 (1989).
 
 
 8
 Yowell's contention that evidence indicating that one of the prosecution's witnesses was his sister was improperly withheld from the jury is meritless. In this instance Yowell admits that defense counsel did not avail himself of the opportunity to elicit testimony from the witness as to her relationship to Yowell, possibly out of fear of heightening the incriminating nature of her testimony in the minds of the jury. The trial strategy of counsel is not guaranteed by the constitution and its failure poses no constitutional questions. Allen v. Morris, 845 F.2d at 615-16.
 
 
 9
 Yowell's contention that the trial court's use of "examples" in its jury instructions erroneously permitted the jury to presume the existence of elements of first degree felony-murder, lacks merit. The instructions which form the basis of Yowell's complaint are neutral and by their own language neither shift the burden of proof from the state nor serve to inform the jury that they may presume the existence of any of the elements of first degree felony-murder. Thus, the jury instructions considered as a whole are insufficient to warrant habeas corpus relief because they did not render the whole trial fundamentally unfair. Henderson v. Kibbe, 431 U.S. 145, 154 (1977).
 
 
 10
 Further, Yowell's contention that he was denied the effective assistance of counsel is meritless because Yowell has failed to show that his counsel's performance was so deficient as to render the trial unfair and the results of the trial unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984). Yowell's counsel pursued a sound trial strategy, in light of the evidence against Yowell, of mere presence, and the failure of that strategy presents no constitutional questions. See Allen, 845 F.2d at 615-16.
 
 
 11
 Finally, Yowell's assertion that it was error to admit the statement of Pamela Fleors into evidence lacks merit. Fleors testimony was not obtained by such coercion as to make it unreliable and deny Yowell a fair trial. United States v. Wise, 603 F.2d 1101, 1104, fn. 3 (4th Cir.1979). Yowell asserts that Fleors' statement was the product of coercion and duress because she went into labor at the police station while giving the statement and also because at the time she gave the statement Fleors was facing possible indictment as a codefendant. However, Yowell admits that the testimony elicited at trial brought out the full factual circumstances for the jury of Fleors' statement including the fact that she went into labor while giving it and that after completing the statement she was in such great pain that she signed it without reading it. Despite this, Fleors relied on the statement to refresh her memory at trial, testified in conformity with her statement, did not recant or deny her statement as being based on coercion or duress, and did not refuse to testify by invoking her fifth amendment privilege against self incrimination. In this instance, Yowell has no constitutional right not to be incriminated by Fleors testimony and may not assert her fifth amendment privilege against self incrimination on his behalf. Rogers v. United States, 340 U.S. 367, 371 (1951).
 
 
 12
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.